UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SALEEL Z. QAASIM,

    Petitioner,

v.                                                     Case No: 5:23-cv-175-TPB-PRL

WARDEN, FCC COLEMAN –
LOW,

    Respondent.

_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner, a 37-year-old federal inmate incarcerated at the Coleman Federal Correctional Complex, initiated this civil action by filing a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 1).

In 2012, "a panel composed of officer and enlisted members sitting as a general court-martial convicted [Petitioner] . . . of unpremeditated murder in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918 (2006)." *United States v. Qaasim*, No. ARMY20120312, 2015 WL 993362, at *1 (C.A.A.F. Feb. 24, 2015). "The convening authority approved the adjudged sentence of a dishonorable discharge and confinement for life with eligibility for parole." *Id.* In 2015, the United States Army Court of Criminal Appeals affirmed Petitioner's conviction and sentence. *Id.* at *3.

In the Motion, Petitioner raises several claims for relief. He requests compassionate release or a sentence reduction under 18 U.S.C. § 3582 due to "extraordinary and compelling reasons" (Doc. 1 at 3). He asserts that he suffers from mental health issues and long COVID and seeks to be the primary caretaker of his ill mother (*id.* at 11). He also appears to challenge the conditions of his confinement, arguing prison officials have limited his access to "productive activities" and designated him in "a high custody level under dangerous and harsh conditions" when he does not qualify for that housing classification (*id.* at 12-13). Petitioner also challenges his judgment and sentence, asserting his conviction violates *Apprendi*,[1] his trial counsel was ineffective, recent changes in the law would have affected the outcome of his case, and his life sentence "is an extreme sentence disparity" compared to others convicted of second degree murder (*id.* at 13-14).

Although Petitioner titles his pleading as a motion for compassionate release, not all of his allegations are cognizable under 18 U.S.C. § 3582. Notably, if Petitioner seeks compassionate release based on "extraordinary and compelling reasons," he should file a motion "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also In re Kawai*, No. 2022-02, 2022 WL 1668374,

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

at *2 (A.F. Ct. Crim. App. May 25, 2022) (noting that district court likely has jurisdiction over a court-martialed petitioner's § 3582 motion because there is no sentencing court for the petitioner to file the motion). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The policy statement defines four circumstances that qualify as "extraordinary and compelling reasons" for a sentence reduction – (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. 1.

    Petitioner's current claims fall outside those listed circumstances. Instead, if Petitioner seeks to challenge the conditions of his confinement, he should pursue those claims in a civil rights complaint under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). And if Petitioner seeks to collaterally challenge his court-martialed conviction and sentence, he should file a petition under 28 U.S.C. § 2241. *See Brown v. Sec'y of the U.S. Army*, 859 F. App'x 901, 901 (11th Cir. 2021) ("§ 2255 may be inadequate or ineffective for military prisoners due to the evanescent nature of court martial proceedings: the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral attack . . . . Because [the petitioner] challenges his conviction by a long-since dissolved

court-martial, his claim is cognizable, if it is at all, under § 2241."). Thus, this case is due to be dismissed without prejudice to Petitioner pursuing his claims through the appropriate avenues.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.   This case is **DISMISSED without prejudice**.

2.   The Clerk shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of March, 2023.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Jax-7

C:   Saleel Z. Qaasim, #17617-035